# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE LESLIE VONTRESS,

    *Petitioner*,

vs.

D.W. NEVENS, *et al.,*

    *Respondents*.

2:14-cv-01342-GMN-CWH

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis*, his motion (#2) for leave to file excess pages, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court will grant the pauper application and motion subject to the remaining provisions herein.

On initial review, it appears that the petition is subject to dismissal without prejudice because none of the claims therein have been fairly presented in the state courts through to the Supreme Court of Nevada and exhausted. Petitioner therefore will be directed to show cause why the petition should not be dismissed without prejudice for lack of exhaustion.

## *Background*

The papers presented together with the online docket records of the state courts reflect the following procedural history.[1]

---

[1] The Court may take judicial notice of matters of public record, including documents on file in federal or state courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court and Supreme Court of Nevada may be accessed from:

(continued...)

Petitioner George Vontress challenges his Nevada state conviction, pursuant to a jury verdict, of robbery with a deadly weapon, burglary while in possession of a firearm, battery with the intent to commit a crime (robbery), and battery with the use of a deadly weapon. Vontress represented himself at trial.

The judgment of conviction was filed on June 15, 2012, and the time for filing a direct appeal expired on July 16, 2012. Petitioner filed, *inter alia*, an appeal on November 1, 2012. The state supreme court ultimately held, following appointment of counsel, that the appeal was untimely and dismissed for lack of jurisdiction. The court dismissed the appeal in a March 13, 2014, order in No. 62057 in that court, and the remittitur issued on May 19, 2014.

Meanwhile, petitioner filed a motion to vacate judgment in the state district court on February 1, 2013. It does not appear that the motion has been adjudicated by the state district court as yet, with the court previously having taken all pending matters off calendar during the pendency of the untimely appeal.

Petitioner also filed a state post-conviction petition on March 27, 2013. The state district court denied the petition. The state court clerk gave notice of entry of the court's findings of fact, conclusions of law, and order on August 4, 2014.

The state district court online docket does not reflect that, at the time that this order was prepared, petitioner had appealed the denial of his state petition. Petitioner confirms in his responses to the exhaustion inquiries in the federal petition that he has not. He states that he has not appealed the dismissal because "[t]he Nevada Supreme Court is part of the conspiracy and in collusion with state officials."[2]

---

[1](...continued)
https://www.clarkcountycourts.us/Anonymous/default.aspx

http://caseinfo.nvsupremecourt.us/public/caseSearch.do

[2]E.g., #1-1, at 4 (CM/ECF page 6). Petitioner at all times remains responsible for timely presenting a federal petition with exhausted claims. If petitioner has failed to exhaust any claims, then his petition will be dismissed for lack of exhaustion. If he later exhausts claims but does so only after the federal limitation period has expired, the later federal petition then will be dismissed with prejudice as untimely. The Court can
(continued...)

1    The only other proceeding that petitioner has pursued through to the Supreme Court of Nevada regarding the current criminal case is in No. 60674. In that proceeding, Vontress filed an original petition for extraordinary relief on April 17, 2012 – prior to his conviction – seeking an order staying the state district court proceedings pending the state supreme court's disposition of a then yet-to-be-filed petition. The state supreme court declined to exercise original jurisdiction in the matter expressly "without deciding upon the merits of any claims raised therein."

### *Governing Law*

The Court may raise issues of exhaustion *sua sponte*. *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state

---

[2](...continued)
assure petitioner that the chances of his bypassing the exhaustion requirement on an allegation that "[t]he Nevada Supreme Court is part of the conspiracy and in collusion with state officials" are virtually nil. If petitioner allows the currently running appeal time to expire in the state courts, petitioner virtually certainly will have created a situation where: (a) he cannot pursue federal habeas relief because he has no exhausted claims; (b) any efforts to exhaust later will be met by state procedural bars; and (c) a later federal petition filed after exhaustion may be dismissed as untimely.

In short, petitioner is about to make a very, very large procedural mistake that will bar his claims from being reviewed further in either state or federal court.

It, again, is petitioner's responsibility to timely seek federal habeas relief with exhausted claims. Nothing in the Court's orders herein toll the running of the federal limitation period, which continues to run as to a later federal petition. *Duncan v. Walker*, 533 U.S. 167 (2001). If petitioner proceeds down the track he is attempting to pursue, the virtually certain consequence – that his claims thereafter will become barred from further state or federal review – will be a consequence of his own making.

courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991).

A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

### *Discussion*

It is clear beyond peradventure that the federal petition is wholly unexhausted.

No claims were exhausted on petitioner's untimely direct appeal. Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *Castille v. Peoples*, 489 U.S. 346, 351(1989). Clearly, the merits of a claim will not be considered on an untimely appeal over which the state supreme court has no jurisdiction.

Nor were any claims exhausted on petitioner's pre-conviction original petition for extraordinary relief. It is long-established law that a claim is not fairly presented and is not exhausted when a petitioner fails to present the claim in state district court under state post-conviction procedures and instead presents the claim in an original petition to the state's high court seeking to invoke an extraordinary discretionary jurisdiction. *See, e.g., Ex parte Hawk*, 321 U.S. 114, 116 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981); *see also Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying *Castille v. Peoples* to the filing of an original writ in a state high court); *accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985). The state supreme court's order declining to exercise original jurisdiction over the writ petition did so with an explicitly clear statement that the Court did not decide the merits of any claim therein.

Petitioner accordingly has not fairly presented any of the claims in the federal petition – even if *arguendo* raised in the above proceedings – through to the Supreme Court of

1  Nevada in a procedural context in which the merits of the claim would be considered by the
2  state high court absent special circumstances.
3        Petitioner therefore must show cause in writing why the petition should not be
4  dismissed as completely unexhausted.
5        IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma*
6  *pauperis* is GRANTED and that petitioner will not be required to pay the filing fee.
7        IT FURTHER IS ORDERED that petitioner's motion (#2) for leave to file excess pages
8  is GRANTED to the extent consistent with the remaining provisions herein.[3]
9        IT FURTHER IS ORDERED that the Clerk of Court shall file the petition.
10       IT FURTHER IS ORDERED that, within **thirty (30) days** of entry of this order,
11 petitioner shall SHOW CAUSE in writing why the petition should not be dismissed for lack of
12 exhaustion.
13       IT FURTHER IS ORDERED that, in responding to this show-cause order, petitioner
14 shall identify by docket number, date, filing, and page and line number all state supreme court
15 proceedings upon which he bases a claim of exhaustion.  Petitioner further shall attach with
16 his response copies of all state court papers – if not already on file herein – upon which he
17 relies to establish that the exhaustion requirement has been satisfied.
18       IT FURTHER IS ORDERED that the petition will be dismissed without further advance
19 notice if petitioner does not timely respond to this order or if he fails to demonstrate in a
20 response that the action should not be dismissed without prejudice for lack of exhaustion.
21       DATED:

                                                                       _____
                                                                       Gloria M. Navarro, Chief Judge
                                                                       United States District Court

August 20, 2014

---

[3] The grant of the motion signifies neither that the petition is free of deficiencies nor that the Court tacitly accepts the arguments presented in the motion as true.  The Court in particular makes no implied or tacit holding that state officials and the state courts have conspired together in bad faith to convict petitioner. The Court simply is directing the filing of the papers presented and addressing exhaustion in advance of any other issues.