# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE LESLIE VONTRESS,

    *Petitioner*,

vs.

D.W. NEVENS, *et al.*,

    *Respondents*.

2:14-cv-01342-GMN-CWH

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether the petition should be dismissed without prejudice as wholly unexhausted. This order follows upon a prior show-cause order (#3) and petitioner's response thereto, which he presents as a motion (#5) to show cause.

### *Background*

The papers presented together with the online docket records of the state courts reflect the following procedural history.[1]

Petitioner George Vontress challenges his Nevada state conviction, pursuant to a jury verdict, of robbery with a deadly weapon, burglary while in possession of a firearm, battery with the intent to commit a crime (robbery), and battery with the use of a deadly weapon. Vontress represented himself at trial.

The judgment of conviction was filed on June 15, 2012, and the time for filing a direct appeal

---

[1] The Court may take judicial notice of matters of public record, including documents on file in federal or state courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court and Supreme Court of Nevada may be accessed from:

https://www.clarkcountycourts.us/Anonymous/default.aspx

http://caseinfo.nvsupremecourt.us/public/caseSearch.do

expired on July 16, 2012. Petitioner filed, *inter alia*, an appeal on November 1, 2012. The state supreme court ultimately held, following appointment of counsel, that the appeal was untimely and dismissed for lack of jurisdiction. The court dismissed the appeal in a March 13, 2014, order in No. 62057 in that court, and the remittitur issued on May 19, 2014.

Meanwhile, petitioner filed a motion to vacate judgment in the state district court on February 1, 2013. It does not appear that the motion has been adjudicated by the state district court as yet, with the court previously having taken all pending matters off calendar during the pendency of the untimely appeal.

Petitioner also filed a state post-conviction petition on March 27, 2013. The state district court denied the petition. The state court clerk gave notice of entry of the court's findings of fact, conclusions of law, and order on August 4, 2014.

On or about August 12, 2014, petitioner mailed the federal petition in this action to the Clerk. The petition was filed on August 18, 2014, and entered on August 19, 2014.

When this Court screened the petition, the state district court online docket did not reflect that petitioner had appealed the denial of his state petition. Petitioner confirmed in his responses to the exhaustion inquiries in the federal petition that he had not. He stated that he had not appealed the dismissal because "[t]he Nevada Supreme Court is part of the conspiracy and in collusion with state officials."[2]

By an order filed and entered on August 20, 2014, the day after the petition was entered on the docket, the Court directed petitioner to show cause why the petition should not be dismissed as completely unexhausted. The Court expressly cautioned petitioner regarding the potential consequences of not filing a timely appeal to the Supreme Court of Nevada from the denial of state post-conviction relief. The Court stated:

> Petitioner at all times remains responsible for timely presenting a federal petition with exhausted claims. If petitioner has failed to exhaust any claims, then his petition will be dismissed for lack of exhaustion. If he later exhausts claims but does so only after the federal limitation period has expired, the later federal petition then will be

---

[2]E.g., #1-1, at 4 (CM/ECF page 6).

> dismissed with prejudice as untimely. The Court can assure petitioner that the chances of his bypassing the exhaustion requirement on an allegation that "[t]he Nevada Supreme Court is part of the conspiracy and in collusion with state officials" are virtually nil. If petitioner allows the currently running appeal time to expire in the state courts, petitioner virtually certainly will have created a situation where: (a) he cannot pursue federal habeas relief because he has no exhausted claims; (b) any efforts to exhaust later will be met by state procedural bars; and (c) a later federal petition filed after exhaustion may be dismissed as untimely.
>
> In short, petitioner is about to make a very, very large procedural mistake that will bar his claims from being reviewed further in either state or federal court.
>
> It, again, is petitioner's responsibility to timely seek federal habeas relief with exhausted claims. Nothing in the Court's orders herein toll the running of the federal limitation period, which continues to run as to a later federal petition. *Duncan v. Walker*, 533 U.S. 167 (2001). If petitioner proceeds down the track he is attempting to pursue, the virtually certain consequence – that his claims thereafter will become barred from further state or federal review – will be a consequence of his own making.

#3, at 2 n.2.

The online docket of the state district court reflects that petitioner did not file an appeal from the denial of state post-conviction relief. Nothing has been filed in the state district court since the August 4, 2014, notice of findings, conclusions and order by that court.

The only other proceeding that petitioner has pursued through to the Supreme Court of Nevada regarding the current criminal case is in No. 60674. In that proceeding, Vontress filed an original petition for extraordinary relief on April 17, 2012 – prior to his conviction – seeking an order staying the state district court proceedings pending the state supreme court's disposition of a then yet-to-be-filed petition. The state supreme court declined to exercise original jurisdiction in the matter expressly "without deciding upon the merits of any claims raised therein."

### ***Governing Law***

The Court may raise issues of exhaustion *sua sponte*. *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d

1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991).

A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

***Discussion***

As stated in the show-cause order, it is clear beyond peradventure that the federal petition is wholly unexhausted.

No claims were exhausted on petitioner's untimely direct appeal. Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *Castille v. Peoples*, 489 U.S. 346, 351(1989). Clearly, the merits of a claim will not be considered on an untimely appeal over which the state supreme court has no jurisdiction.

Nor were any claims exhausted on petitioner's pre-conviction original petition for extraordinary relief. It is long-established law that a claim is not fairly presented and is not exhausted when a petitioner fails to present the claim in state district court under state post-conviction procedures and instead presents the claim in an original petition to the state's high court seeking to invoke an extraordinary discretionary jurisdiction. *See, e.g., Ex parte Hawk*, 321 U.S. 114, 116 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981); *see also Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying *Castille v. Peoples* to the filing of an original writ in a state high court); *accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985). The state supreme court's order declining to exercise original jurisdiction over the writ petition did so with an explicitly clear statement that the

Court did not decide the merits of any claim therein.

Petitioner accordingly has not fairly presented any of the claims in the federal petition – even if *arguendo* raised in the above proceedings – through to the Supreme Court of Nevada in a procedural context in which the merits of the claim would be considered by the state high court absent special circumstances.

Petitioner does not contend otherwise, *i.e.,* that he in fact has presented the claims in the federal petition to the Supreme Court of Nevada in a proceeding where the merits were considered or would be considered absent special circumstances.

Petitioner urges instead, first, that he was subjected to a malicious prosecution in bad faith. Petitioner's allegation does not provide a basis for avoiding the exhaustion requirement. Petitioner must fairly present his constitutional claims to the Supreme Court of Nevada in the first instance. That court must be afforded the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *Coleman, supra*. Petitioner has not done so. None of the authorities cited by petitioner are apposite to this case. This case does not present exceptional circumstances of peculiar urgency as would establish a basis for avoiding the exhaustion requirement. An allegation by a convicted inmate that he was subjected to a malicious prosecution in bad faith does not present such exceptional circumstances.

Petitioner urges, second, that the exhaustion requirement should be excused because he is a layman untrained in the law and he allegedly has "made every possible effort under the circumstances to exhaust all relevant issues." The exhaustion requirement applies fully to *pro se* petitioners. Nor has petitioner made every possible effort under the circumstances to exhaust all relevant issues. He instead has deliberately bypassed a state post-conviction appeal where he could have presented his constitutional claims. He did so after being expressly cautioned by this Court that: (a) the chances of his bypassing the exhaustion requirement on an allegation that "[t]he Nevada Supreme Court is part of the conspiracy and in collusion with state officials" were virtually nil; and (b) if he let the state post-conviction appeal time expire the virtually certain consequence would be that he ultimately would be precluded from being able to successfully seek state and federal relief because of applicable procedural bars.

1    Petitioner urges, third, that there is an absence of available state corrective process under 28
2    U.S.C. § 2254(b)(1)(B)(i). The fact that the state courts denied relief on petitioner's multiple proper
3    person filings during the original criminal proceedings does not establish an absence of corrective
4    process. Nor does the state supreme court's dismissal of an untimely direct appeal demonstrate an
5    absence of corrective process. With regard to the state post-conviction proceedings, there was no
6    absence of corrective process, merely a failure by petitioner to utilize that process by filing an appeal
7    from the denial of relief by the state district court. Petitioner must exhaust his claims prior to seeking
8    federal relief, whether by a second state petition and timely appeal therefrom or some other state court
9    proceeding.

10   The completely unexhausted petition therefore will be dismissed without prejudice. The Court
11   repeats its prior admonitions herein that petitioner at all times remains responsible for timely presenting
12   exhausted claims. Neither the pendency of this case nor any action taken herein has stopped the running
13   of the federal limitation period.

14   **IT THEREFORE IS ORDERED** that petitioner's **motion (#5) to show cause is DENIED** and
15   that this action shall be **DISMISSED without prejudice** for lack of exhaustion.

16   **IT FURTHER IS ORDERED** that a **certificate of appealability is DENIED**. Jurists of
17   reason would not find the district court's dismissal of the wholly unexhausted petition without prejudice
18   to be debatable or wrong. As discussed herein, petitioner allowed the state post-conviction appeal time
19   to expire during the pendency of this action and instead has pursued this action despite being clearly
20   cautioned, *inter alia*, that this action was subject to dismissal.

21   The Clerk of Court shall enter final judgment accordingly, dismissing this action without
22   prejudice for lack of exhaustion.

23   **DATED** this 17th day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court