# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE LESLIE VONTRESS,

    *Petitioner*,

vs.

D.W. NEVENS, *et al.,*

    *Respondents*.

No. 2:14-cv-01342-GMN-CWH

ORDER

Subsequent to petitioner's response to a show-cause order, on September 17, 2014, this court dismissed this habeas petition without prejudice as wholly unexhausted (ECF #6). Judgment was entered on that date (ECF #7). Now before the court is petitioner's motion for reconsideration, motion to disqualify judge, and motion seeking clarification and judicial notice (ECF #s 10, 11, 12, respectively). As discussed below, petitioner's motions are denied.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

This court dismissed the petition in this case upon concluding that it was clear that the federal petition is wholly unexhausted (ECF #6, p. 4). Petitioner did not (and does not) contend that he in fact had presented the claims in his federal petition to the Nevada Supreme Court. *Id*. The court discussed and rejected petitioner's three arguments that the exhaustion requirement should be excused: (1) that he was subject to a malicious prosecution in bad faith; (2) that he is a layman untrained in the law; and (3) that there was an absence of available state corrective process. *Id.* at 5-6.

Petitioner merely rehashes these arguments in his motion for reconsideration (ECF #10). He fails to make any showing under either Rule 60(b) or 59(e) that the order dismissing the petition without prejudice should be reversed. Accordingly, the motion for reconsideration is denied. Petitioner's motion to disqualify judge (ECF #11) is denied as factually frivolous, and his motion seeking clarification and judicial notice (ECF #12) is denied as moot.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration of the dismissal of his petition without prejudice (ECF #10) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to disqualify judge (ECF #11) is **DENIED** as factually frivolous.

**IT IS FURTHER ORDERED** that petitioner's motion seeking clarification and judicial notice (ECF #12) is **DENIED** as moot.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or

1 | numbers of the exhibits in the attachment. Courtesy copies (hard copies) shall be forwarded–for this
2 | case–to the staff attorneys in Reno.

    **DATED** this 13th day of May, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge